Kevin Mahoney (SBN: 235367)
Email: kmahoney@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone:  562.590.5550
Facsimile:   562.590.8400

Briana M. Kim (SBN: 255966)
Email: briana@brianakim.com
**BRIANA KIM, PC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone:  714.482.6301
Facsimile:   714.482.6302

Attorneys for Plaintiff, MICHAEL ALLEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>UCLA HEALTH SYSTEMS AUXILIARY, a California Corporation; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California Corporation; and Does 1 through 10, inclusive,<br><br>        Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1.  Confidential Medical Information Act;<br>2.  Unlawful, Fraudulent and Unfair Business Practices;<br>3.  Invasion of Privacy;<br>4.  Constructive Fraud;<br>5.  Breach of Contract;<br>6.  Negligence Per Se;<br>7.  Negligence;<br>8.  Breach of Implied Contract; and<br>9.  Unjust Enrichment.<br><br>Jury Trial Demanded As To Claims That Are So Triable |

///

///

///

- 1 -

Plaintiff Michael Allen (hereinafter "Plaintiff" or "Mr. Allen"), individually and on behalf of all others similarly situated, based upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters alleges as follows:

# I

## NATURE OF THE ACTION

1.     This class action arises from UCLA HEALTH SYSTEMS AUXILIARY's and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA's (collectively "Defendants") failure to adequately secure the private, personal financial information of Plaintiff and all other persons similarly situated. Plaintiff and all other persons similarly situated, who were patients at Defendants' and their subsidiaries' hospitals, provided their private and health information for the purpose of receiving health care. When Plaintiff and all other persons similarly situated provided their personal and health information to Defendants and their subsidiaries, they did so with the understanding and contractual promise that Defendants and their subsidiaries would safeguard the information from being stolen by cyber thieves. Unfortunately for patients of Defendants and their subsidiaries, patients' personal information, and possibly their sensitive health information, was not kept secure. Instead, it was left in an unencrypted state and stolen by cyber thieves. Due to Defendants' failure to take the basic steps of encrypting patients' data, it was much easier for cyber thieves to interpret the information, use it to steal the identities of Defendants' patients, or sell to others who would use Defendants' patients' personal and health information.

2.     Defendants' conduct permitted criminal hackers to steal Defendants' customers' sensitive personal and health information. Defendant UCLA HEALTH SYSTEMS AUXILIARY admitted the stolen information includes, at a minimum, names, addresses, dates of birth, Social Security numbers, medical record numbers,

Medicare or health plan ID numbers, and some medical information.

3.      In or about September 2014, Defendants first noticed their computer system containing current customers' and former customers' personal and health information had been subject to suspicious activity that put the sensitive information at risk of being stolen. Months-long investigations have revealed that, as a result of the security breach, unknown cyber thieves now possess nonpublic personal and health information from Plaintiff and 4.5 million customers of Defendants nationwide. Because the nonpublic personal and health information included social security numbers and Medicare or health plan ID numbers, Plaintiff and other customers of Defendants face a long term battle against identity theft. Defendants' failure to adequately protect the nonpublic personal and health information in their possession has caused, and will continue to cause, substantial harm and injuries to Plaintiff and all current and former customers of Defendants.

4.      Mr. Allen seeks on behalf of himself and putative class members, statutory, actual and/or compensatory damages, punitive damages, and equitable relief, including costs and expenses of litigation including attorneys' fees, and appropriate injunctive relief requiring Defendants to comply with its legal obligations, as well as additional and further relief that may be appropriate. Plaintiff reserves the right to amend the Complaint to add additional relief as permitted under applicable law.

## II
## JURISDICTION AND VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. section 1332(d).  Diversity is satisfied as Plaintiff, Mr. Allen is a citizen of Casper, Wyoming, and Defendants' principal place of business is located in Los Angeles, California.  The amount is controversy is satisfied as it exceeds $5 million dollars.

6.      Venue is proper pursuant to 28 U.S.C. section 1391(b) and (c) because Defendant UCLA HEALTH SYSTEMS AUXILIARY is a corporation

headquartered in Los Angeles County and/or because this District is a District in which a substantial part of the events or omissions giving rise to the improper conduct alleged herein occurred.

### III
### PARTIES

7.     Plaintiff Michael Allen is a current resident of Casper, Wyoming.

8.     Upon information and belief, Defendant UCLA HEALTH SYSTEMS AUXILIARY is a corporation doing business in California, with its headquarters and principal place of business located at 10833 Le Conte Avenue, Los Angeles, California 90095-7131.

9.     Upon information and belief, Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA is a corporation doing business throughout the State of California.

10.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 10, but Plaintiff will seek leave to amend this Complaint to allege their true names and capacities once they are ascertained. Upon information and belief, Plaintiff makes all allegations contained in this Complaint against all of the Defendants, including Does 1 through 10.

### IV
### FACTUAL ALLEGATIONS

11.     Mr. Allen incorporates by reference the foregoing allegations.

12.     On or around February 2013, Mr. Allen visited a UCLA Health Center for the purpose of receiving treatment as a patient.  During his multiple visits as a patient with UCLA Health, Mr. Allen provided his entire medical/patient history, billing information, as well as other non-public personal information.

13.     Starting on or before September 2014, cyber thieves accessed approximately 4.5 million of UCLA Health's current and former customers' personal and health information, including, but not limited to, names, addresses,

dates of birth, Social Security numbers, medical record numbers, Medicare or health plan ID numbers and medical information.

14.     After investigating unusual activity on their computer servers, Defendants determined that their computer network containing customers personal and health information had been accessed by cyber hackers.

15.     The cyber thieves who breached Defendants' records were able to access a network containing 4.5 million current and former customers' records that included the nonpublic personal and health information.

16.     Despite investigating the potential breach since in or around October 2014, Defendants did not announce that their network containing current and former customers' personal and health information had been compromised until July 17, 2015. Underscoring its dilatory response, Defendants are still delaying notifying individual consumers affected by the breach.  See attached as Exhibit A, CNN Money article dated July 17, 2015[1].

17.     Defendants' failure to maintain the security of its current and former customers' nonpublic personal and health information has been the subject of scrutiny by security experts and patient advocates. Despite the trend of cybercriminals targeting big players in healthcare, Defendants still failed to take even the most basic step of encrypting their patient data.

18.     Health care providers such as UCLA Health are legally required to keep their customers' personal, health, and financial information private and secured.

19.     Defendants knew or should have known of the risks inherent in maintaining their customers' nonpublic personal and health information, and if such information was stolen, it would have dire consequences for those customers.

---

[1] See Exhibit A, Article from CCN Money entitled, "Hackers broke into the massive hospital network of the University of California, Los Angeles, accessing computers with sensitive records of 4.5 million people."

# V

## CLASS ALLEGATIONS

20.     Mr. Allen incorporates by reference the foregoing allegations.

21.     Mr. Allen brings this action pursuant to the Federal Rules of Civil Procedure section 23(a) and (b)(2) and/or 23(b)(3) on behalf of himself and all others similarly situated. This action satisfies the numerosity, typicality, commonality, adequacy, predominance, and superiority requirements of those provisions.

22.     Plaintiff's proposed class consists of and is defined as: "All current and former patients who provided non-public personal and non-public health information for the purpose of receiving health care."

23.     <u>Numerosity</u>.  The Class consists of several millions of individuals, making joinder of individual cases impracticable, in satisfaction of Rule 23(a)(1). While the exact number of the Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

24.     <u>Typicality</u>. Mr. Allen is qualified to, and will, fairly and adequately protect the interests of each class member with whom he is similarly situated. Mr. Allen's claims are typical of the claims of all members of the Class. Mr. Allen and each Class member were affected in substantially the same way, as demonstrated herein. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to the Plaintiff and to all of the other Class members.

25.     <u>Adequacy of Representation</u>. Mr. Allen will fairly and adequately represent the interests of the class members. Mr. Allen has retained counsel with substantial experience in prosecuting complex litigation and class actions. Mr. Allen and his counsel are committed to vigorously prosecuting the action on behalf of the class members, and have the financial resources to do so. Neither Mr. Allen

nor his counsel has any interest adverse to those of the other class members.

26.   <u>Superiority</u>. Absent a class action, most class members would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and litigants, and promotes consistency and efficiency of adjudication. By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member. Plaintiff anticipates no difficulty in the management of this case as a class action.

27.   <u>Commonality</u>. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual Class members within the meaning of Rules 23(a)(2) and 23(b)(3).

28.   Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

> a.   Whether Defendants failed to implement and maintain reasonable security procedures and practices to protect Plaintiff's and Class members' personal and medical information;
>
> b.   Whether Defendants implemented and maintained reasonable security practices to protect Plaintiff's and Class members' personal and medical information from unauthorized access, destruction, use, modification, or disclosure;
>
> c.   Whether Defendants negligently and unlawfully disclosed Plaintiff's and Class members' personal and medical information to unauthorized persons in violation of California Civil Code section 56.10;

d.    Whether Defendants negligently created, maintained, preserved, stored, abandoned, destroyed, or disposed of Plaintiff's and Class members' personal and medical information in violation of California Civil Code section 56.101;

e.    Whether Plaintiff and Class members are entitled to statutory damages; and

f.    Whether Plaintiff and Class members are entitled to restitution;

g.    Whether Plaintiff and Class members are entitled to equitable and/or injunctive relief.

29.    Mr. Allen reserves the right to revise the foregoing "Class Allegations" based on facts learned in discovery.

## VI

## CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION

**(Violations of the Confidentiality of Medical Information Act, California Civil Code §§ 56 *et seq.*)**

**(Against All Defendants)**

30.    Plaintiff incorporates by reference each allegation set forth above as if fully set forth herein and further alleges as follows.

31.    Defendants are providers of health care services with a network of hospitals and offices that span throughout Southern California and are subject to the requirements and mandates of the California Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56, et seq. ("CMIA").

32.    Plaintiff and the Class are "patients" of Defendants within the meaning of Civil Code section 56.05(g). Furthermore, Plaintiff and the Class, as patients of the Defendants had their personal medical information recorded and stored within Defendants' network.

33.    Defendants requested and came into possession of Plaintiff's and

- 8 -

Class members' personal and medical information and had a duty to exercise reasonable care in preserving the confidentiality of this information.

34.    Defendants were entrusted with Plaintiff's and Class members' personal and medical information as a provider of medical data processing and/or other administrative services to Defendants and therefore also owed a duty of reasonable care to Plaintiff and Class members to preserve the confidentiality of their personal and medical information.

35.    Under California Civil Code section 56.10, Defendants were required to obtain Plaintiff's and Class members' authorization prior to disclosing their personal or medical information.

36.    On or around September 2014, Defendants negligently and unlawfully disclosed Plaintiff's and Class members' personal and medical information, without first obtaining Plaintiff's and Class members' authorization when cyber hackers slipped into Defendants' computer networks containing sensitive patient and subscriber information as required by the Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56.10, 56.104, and 56.11. Thus, Defendants' negligence constitutes a violation of California Civil Code sections 56.10, 56.104, and 56.11.

37.    As a direct and proximate result of Defendants' violation of California Civil Code sections 56.10, 56.104, and 56.11, accordingly, Plaintiff and the Class seek relief under California Civil Code sections 56.35 and 56.36(b).

38.    Plaintiff and the Class seek nominal damages of one thousand dollars ($1,000) per violation pursuant to California Civil Code section 56.36(b)(1), actual damages per violation pursuant to California Civil Code section 56.36(b)(2), punitive damages up to three thousand dollars ($3,000) per violation pursuant to California Civil Code section 56.35.

39.    Plaintiff and the Class seek recovery of attorneys' fees of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section

56.35 and costs of litigation pursuant to California Civil Code section 56.35.

## SECOND CAUSE OF ACTION

## (Violation of Unlawful, Fraudulent and Unfair Business Practices, California Business & Professions Code § 17200, *et seq.*)

## (Against All Defendants)

40.     Plaintiff and the Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     As a result of Defendants' violation of California Civil Code sections 56.10, 56.104, and 56.11, as set forth above, and Defendant's violation of California Business and Professions Code section 17200, as set forth below, Plaintiff and members of the Class have suffered an injury in fact by, among other things, having their personal information disseminated to others without their prior written authorization, as required by the Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56.10, 56.104, and 56.11, and being exposed to identity theft. Additionally, Plaintiff and members of the Class have lost property in that Plaintiff and the Class suffered and are each entitled to nominal damages of one thousand dollar ($1,000) pursuant to Cal. Civ. Code § 56.36(b)(1).

42.     Defendants' conduct in violation California Civil Code sections 56.10, 56.104, and 56.11, as set forth above, violates California Business and Professions Code section 17200 in the following respects:

a)     Defendants' negligent mishandling of Plaintiff's and the Class members' medical information, as set forth above, constitutes an unlawful business practice because Defendants' conduct violates California Civil Code sections 56.10, 56.104, and 56.11;

b)     Defendants' negligent mishandling of Plaintiff's and the Class members' medical information, as set forth above, constitutes an unfair business practice because Defendants' practice is unethical, unscrupulous, and substantially injurious to

consumers. The harm to Plaintiff and members of the Class outweighs the utility, if any, of Defendant's practices; and

c) Defendants' unlawful and unfair business practices, as described above, present a continuing threat to Plaintiff and the Class since Defendants continue to negligently maintain the medical information of Plaintiff and the Class. Plaintiff and the Class have no other adequate remedy of law in that absent equitable relief from the Court, Defendants are likely to continue to injure consumers, and thus engendering a multiplicity of judicial proceedings.

43. Pursuant to the Business & Professions Code section 17203, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of an order instructing Defendants to prohibit the unauthorized access to the medical information of Plaintiff and the Class and to maintain the confidentiality of the medical information of Plaintiff and the Class. Plaintiff and the Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendants under California Code of Civil Procedure section 1021.5 and other applicable law.

### THIRD CAUSE OF ACTION
### (Invasion of Privacy)
### (Against All Defendants)

44. Plaintiff and the Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. As a result of providing health care services to Plaintiff and the Class as patients of Defendants, each and every day during the two-year period preceding the filing of this class action complaint through the present, Defendant invaded Plaintiff's and the Class members' right to privacy by allowing the unauthorized access to the medical information of Plaintiff and the Class and negligently

CLASS ACTION COMPLAINT

maintaining the confidentiality of the medical information of Plaintiff and the Class, as set forth above.

46.     The intrusion was offensive and objectionable to Plaintiff, the Class and to a reasonable person or ordinary sensibilities in that the personal medical information that Defendants obtain, is disclosed by Defendants without prior written authorization of Plaintiff and the Class.

47.     The intrusion was into a place or thing which was private and is entitled to be private, in that Plaintiff's and Class' personal medical information provided to Defendants as patients of Defendants were made privately, and was intended to be kept confidential and protected from unauthorized disclosure.

48.     As a proximate result of Defendants' above acts, Plaintiff's and Class members' medical information was viewed, printed, distributed, and used by persons without prior written authorization and Plaintiff and the Class suffered general damages in an amount to be determined at trial according to proof.

49.     Defendants are guilty of oppression, fraud, or malice by permitting the unauthorized disclosure of Plaintiff's and the Class members' personal medical information with a willful and conscious disregard of Plaintiff's and the Class members' right to privacy.

50.     Unless and until enjoined, and restrained by order of this Court, Defendants' wrongful conduct will continue to cause Plaintiff and the Class, great and irreparable injury in that the personal identification information maintained by Defendants can be viewed, printed, distributed, and used by unauthorized persons. Plaintiff and members of the Class have no adequate remedy of law for the injuries in that a judgment for the monetary damages will not end the invasion of privacy for Plaintiff and the Class.

///

///

///

### FOURTH CAUSE OF ACTION

### (Constructive Fraud)

### (Against All Defendants)

51.     Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

52.     Defendants, in collecting Plaintiff and Class members' nonpublic personal, financial and health information, were therefore entrusted with Plaintiff's and Class members' nonpublic personal, financial, and health information and were put in the same confidential and special relationship with Plaintiff and Class members as they had with the companies that provided them with health insurance.

53.     Defendants breached their confidential and special relationship with Plaintiff and Class members by failing to adequately secure Plaintiff's and Class members' nonpublic personal and financial information from unauthorized users, including the cyber thieves who stole the information as described herein.

54.      As a direct and proximate result of Defendants' breach, Plaintiff and Class members have been harmed and have suffered, and will continue to suffer, damages and injuries.

### FIFTH CAUSE OF ACTION

### (Breach of Contract)

### (Against All Defendants)

55.     Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

56.     Plaintiff and Class members, upon information and belief entered into express contracts with Defendants that included Defendants' promise to protect nonpublic personal information given to Defendants or that Defendants gather on their own, from disclosure. Defendants' promise was incorporated into each of their health insurance policies issued to Plaintiff and Class members.

57.     Plaintiff and Class members performed their obligations under the

- 13 -

contract when they paid for their health care services.

58.   Defendants breached their contractual obligation to protect the nonpublic personal information Defendants gathered when the information was accessed by unauthorized personnel as part of the cyber hacking that occurred on or about September 2014.

59.   As a direct and proximate result of Anthem's breach, Plaintiff and Class members have been harmed and have suffered, and will continue to suffer, damages and injuries.

### SIXTH CAUSE OF ACTION
### (Negligence Per Se)
### (Against All Defendants)

60.   Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

61.   Defendants had a duty under the Gramm-Leach-Bliley Act (GLBA) to protect the security and confidentiality of their customers' personal information. 12 U.S.C. § 1843(k).

62.   Defendants breached their duty to protect the security and confidentiality of their patients' personal information by allowing their former and current patients' nonpublic personal and medical information to be compromised and stolen by cyber thieves as described throughout this Complaint. Amongst their many failings, Defendants failed to encrypt their customers' nonpublic personal and financial information so that if it were accessed by unauthorized persons, it would not be easily readable or usable.

63.   As a direct and proximate cause of Defendants' failure to protect the security and confidentially of their customers' nonpublic personal and financial information, Plaintiff and Class members have been harmed and have suffered, and will continue to suffer, damages and injuries.

///

### SEVENTH CAUSE OF ACTION

### (Negligence)

### (Against All Defendants)

64.    Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

65.    Defendants had a foreseeable duty to disclose that Defendants could not keep private patients' nonpublic personal, heath and health related information to Plaintiff and Class members.

66.    Defendants had a foreseeable duty to Plaintiff and Class members to exercise reasonable care to secure Plaintiff's and Class members' nonpublic personal and financial health information from being accessed by unauthorized persons. This duty included creating, maintaining, testing, and securing any databases containing Defendants' customers' nonpublic personal and financial information, to ensure that Plaintiff's and Class members' nonpublic personal and financial information was secured from cyber attack, and other things. This duty also included, at the minimum, that Plaintiff's and Class members' nonpublic personal, financial and health information be encrypted.

67.    Defendants had a foreseeable duty to Plaintiff and Class members to implement processes to detect a breach of Defendants' security systems in a timely manner and to act upon any warnings or alerts that Defendants' security systems were breached.

68.    Defendants had a foreseeable duty to Plaintiff and Class members to timely disclose any breach of Defendants' security systems.

69.     Defendants breached these duties owed to Plaintiff and Class members by their conduct alleged herein by, *inter alia*, (i) not exercising reasonable care in retaining, maintaining, securing, and safeguarding current and former customers' nonpublic personal and financial information from being accessed and taken by unauthorized persons, including failing to encrypt the

nonpublic personal and financial information; (ii) failing to implement processes to detect a breach of its security systems in a timely manner and to act upon any warnings or alerts that Defendants' security systems had been breached; (iii) failing to timely disclose the data breach to Plaintiff and Class members; and (iv) failing to disclose that Defendants could not adequately secure Plaintiff's or Class members' personal or financial and  health information.

70.     As a result of Defendants' conduct described throughout this Complaint, Plaintiff and members of the Class have been harmed and have suffered, and will continue to suffer, damages and injuries.

### *EIGTH CAUSE OF ACTION*

### **(Breach of Implied Contract)**

### **(Against All Defendants)**

71.     Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

72.     Defendants, provided Plaintiff and Class members with an implied contract to protect and keep Defendants' patients' private nonpublic personal and financial and health information when it gathered the information from each of its patients.

73.     Plaintiff and Class members would not have provided their personal or financial and health information to Defendants or its subsidiaries.  Defendants' implied promises to safeguard and protect Defendants' customers' nonpublic personal and financial information.

74.     Plaintiff and Class members performed their obligations under the implied contract when they provided their private personal, financial, and health information as a patient and when they paid for the health care service provided by Defendants.

75.     Defendants breached the implied contracts with Plaintiff and Class members by failing protect and keep private the nonpublic personal and financial

information provided to them about Plaintiff and Class members.

76.    As a direct and proximate result of Defendants' breach of their implied contracts, Plaintiff and Class members have been harmed and have suffered, and will continue to suffer, damages and injuries.

## NINTH CAUSE OF ACTION

### (Unjust Enrichment)

### (Against All Defendants)

77.    Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

78.    Plaintiff and Class members conferred a benefit on Defendants in the form of payment for health care services provided by Defendants, part of which was to pay for Defendants to protect and keep private their customers' nonpublic personal and financial information.

79.    Defendants failed to pay for the benefits provided to them by Plaintiff and Class members by failing to protect and keep private the nonpublic personal and financial information with which Plaintiff and Class members entrusted Defendants.

80.    Defendants' failure to pay for the benefits provided to them, i.e., to protect and keep private Plaintiff's and Class members' nonpublic personal, financial, and health information, was to the detriment to Plaintiff and Class members because it was Plaintiff's and Class members' nonpublic personal, financial and health information that was stolen by cyber thieves.

81.    As a direct and proximate result of Defendants' failure to pay for the benefits provided to them, Plaintiff and the Class have been harmed and have suffered, and will continue to suffer, damages and injuries, and are entitled to restitution.

///

///

- 17 -

# VII.

## REQUEST FOR JURY TRIAL

82.     Mr. Allen requests a trial by jury of all issues which may be tried by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

# VIII.

## PRAYER FOR RELIEF

Mr. Allen, on behalf of himself and class members, respectfully requests that this Court award relief as follows:

a) Certify this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3) and/or (c)(4), and, pursuant to Fed. R. Civ. P. 23(g), appoint the named Plaintiff to be Class representative and his undersigned counsel to be Class counsel;

b) An order declaring that the actions of Defendants, as set out above, are in violation of California Civil Code § 56.10;

c) An order declaring that the actions of Defendants, as set out above, are in violation of California Civil Code § 56.101;

d) An order declaring that the actions of Defendants, as set out above, are in violation of California Civil Code § 1798.81.5;

e) A judgment for and award of statutory damages to Plaintiff and the members of the class pursuant to California Civil Code § 56.36(b)(1);

f) A permanent injunction enjoining Defendants from engaging in conduct in violation of California Civil Code §§ 56.10, 56.101 and 1798.81.5;

g) An award of restitution pursuant to Business and Professions Code §§ 17200, *et seq.;*

h) Payment of costs of suit herein incurred pursuant to, *inter alia,* California Civil Code § 56.35;

i) Payment of attorneys' fees pursuant to, *inter alia,* California Civil Code § 56.35 and/or California Code of Civil Procedure § 1021.5;

j)  Require Defendants to make whole any losses suffered by Plaintiff and Class members;

k)  Enjoin Defendants from further engaging in the unlawful conduct complained of herein;

l)  Award Plaintiff and the Class appropriate relief, including actual and statutory damages, restitution and disgorgement;

m) Award pre- and post- judgment interest;

n)  Require Defendants to pay for notifying the Class of the pendency of this action; and

o)  Grant all other and further relief as this Court deems necessary, just and proper.

Dated: July 20, 2015                    MAHONEY LAW GROUP, APC

                                        /s/Kevin Mahoney
                                        Kevin Mahoney
                                        Attorney for Plaintiff Michael Allen

Dated: July 20, 2015                    BRIANA KIM, PC

                                        /s/Briana M. Kim
                                        Briana M. Kim
                                        Attorney for Plaintiff Michael Allen

CLASS ACTION COMPLAINT